NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSE RIVERA, *Appellant.*

No. 1 CA-CR 18-0642
FILED 6-27-2019

Appeal from the Superior Court in Maricopa County
No.  CR 2016-002285-001
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Randall M. Howe joined.

**C A M P B E L L**, Judge:

¶1        Jose Rivera timely appeals from his conviction and sentence for aggravated assault with a deadly weapon or dangerous instrument, a class three dangerous felony. After searching the record on appeal and finding no arguable question of law that was not frivolous, Rivera's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for reversible error. This court granted Rivera's motion to allow him to file a pro per supplemental brief, but he did not do so. After reviewing the entire record, we find no reversible error and affirm Rivera's conviction and sentence.

## BACKGROUND[1]

¶2        During rush hour on Interstate 10 in Phoenix one morning, commuters began calling 911 to report that a white car was driving erratically—going faster than the pace of traffic, tailgating, and swerving between lanes and onto the emergency shoulder. Eventually, the white car swerved, cutting diagonally across traffic. The white car then collided with a black car that was at a standstill in line for a righthand exit ramp, injuring that car's driver. When officers arrived on the scene, they were unable to perform field sobriety tests on the driver of the white car, Rivera. He was staggering around, had watery and bloodshot eyes, was lethargic, was unable to control his movements, and had to be supported to stay upright. Rivera submitted to a blood test at the hospital later and an analysis revealed that he had methamphetamine and clonazepam in his system at the time of the collision.

¶3        A jury found Rivera guilty of aggravated assault with a deadly weapon or dangerous instrument, a class three dangerous felony,

---

[1] We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Rivera. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

and found the aggravating circumstance of causing physical, emotional, or financial harm to the victim. The court sentenced Rivera to the presumptive term of 7.5 years of incarceration and awarded him 434 days of presentence incarceration credit.

## DISCUSSION

**¶4**         We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. Rivera received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages.

**¶5**         The evidence presented at trial was substantial and supports the verdict. The jury was properly comprised of eight members and the court properly instructed the jury on the elements of the charge, Rivera's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Rivera was given an opportunity to speak at sentencing, and his sentence was within the range of acceptable sentences for his offense.

## CONCLUSION

**¶6**         We affirm Rivera's conviction and sentence. Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once counsel informs Rivera of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Rivera has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA

3